SMALL, HENSTRIDGE, CABODI & PYLES, LLP
ATTORNEYS AT LAW
25411 CABOT ROAD, SUITE 202
LAGUNA HILLS, CALIFORNIA 92653
(949) 364-3700  FAX: (949) 364-5399

BRYAN D. PYLES, SBN 138177

Attorneys for Defendant
INTERNATIONAL CHEMICAL CORPORATION

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| CRYSTAL GEYSER WATER COMPANY, and SOMPO JAPAN INSURANCE COMPANY OF AMERICA, <br><br> Plaintiffs, <br><br> vs. <br><br> INTERNATIONAL CHEMICAL CORP., <br><br> Defendant. | CIVIL ACTION NO.: <br><br> 1:16-CV-00960-AWI-EPG <br><br> **INTERNATIONAL CHEMICAL CORPORATION'S ANSWER TO COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Defendant INTERNATIONAL CHEMICAL CORPORATION, hereafter "Defendant", demands a jury trial and hereby answers the Complaint of Crystal Geyser Water Company and Sompo Japan Insurance Company of America as follows:

**PARTIES**

1. Defendant admits the allegations in paragraph 1 of the Complaint.

2. Defendant admits the allegations in paragraph 2 of the Complaint.

3. Defendant lacks information or belief sufficient to enable it to answer the allegations of paragraph 3 of the Complaint, and basing its denial on that ground, denies each and every allegation in it.

4. Defendant admits the allegations in paragraph 4 of the Complaint.

## JURISDICTION

5.     Defendant lacks information or belief sufficient to enable it to answer the allegations of paragraph 5 of the Complaint, and basing its denial on that ground, denies each and every allegation in it.

6.     Defendant lacks information or belief sufficient to enable it to answer the allegations of paragraph 6 of the Complaint, and basing its denial on that ground, denies each and every allegation in it.

## GENERAL FACTS

7.     Defendant lacks information or belief sufficient to enable it to answer the allegations of paragraph 7 of the Complaint, and basing its denial on that ground, denies each and every allegation in it.

8.     Defendant admits the allegations in paragraph 8 of the Complaint.

9.     Defendant is without information or knowledge sufficient to form a belief about the truth of the averments contained in Paragraph 9 to either admit or deny as based on the word "only", and therefore denies.

10.    Defendant admits the allegations in paragraph 10 of the Complaint.

11.    Defendant admits the allegations in paragraph 11 of the Complaint.

12.    Defendant lacks information or belief sufficient to enable it to answer the allegations of paragraph 12 of the Complaint, and basing its denial on that ground, denies each and every allegation in it.

13.    Defendant lacks information or belief sufficient to enable it to answer the allegations of paragraph 13 of the Complaint, and basing its denial on that ground, denies each and every allegation in it.

14.    Defendant lacks information or belief sufficient to enable it to answer the allegations of paragraph 14 of the Complaint, and basing its denial on that ground, denies each and every allegation in it.

15.    Defendant lacks information or belief sufficient to enable it to answer the allegations of paragraph 15 of the Complaint, and basing its denial on that ground, denies each and

every allegation in it.

## COUNT 1- NEGLIGENCE

16. In answering Paragraph 16, Defendant incorporates and reasserts its responses to Paragraphs 1 through 15 as if fully set forth herein.

17. Defendant denies the allegations in paragraph 17 and its subparts of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

## COUNT II- BREACH OF WARRANTIES

19. In answering Paragraph 19, Defendant incorporates and reasserts its responses to Paragraphs 1 through 18 as if fully set forth herein.

20. Additionally, and/or alternatively, Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant is without information or knowledge sufficient to form a belief about the truth of the averments contained in Paragraph 21 to either admit or deny as based on the words "expressly and implicitly", and therefore denies.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. There is no paragraph numbered 23 in the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

## COUNT III- STRICT LIABILITY

26. In answering Paragraph 26, Defendant incorporates and reasserts its responses to Paragraphs 1 through 25 as if fully set forth herein.

27. Additionally, and/or alternatively, Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant is without information or knowledge sufficient to form a belief about the truth of the averments contained in Paragraph 28 to either admit or deny as based on the word "solutions", and therefore denies.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant is without information or knowledge sufficient to form a belief about the

1  truth of the averments contained in Paragraph 30 to either admit or deny as based on the words
2  "subject product(s)", and therefore denies.
3      31.    Defendant lacks information or belief sufficient to enable it to answer the
4  allegations of paragraph 31 of the Complaint, and basing its denial on that ground, denies each and
5  every allegation in it.
6      32.    Defendant denies the allegations in paragraph 32 and its subparts of the Complaint.
7      33.    Defendant denies the allegations in paragraph 33 of the Complaint.

8  **COUNT IV- MISREPRESENTATION**

9      34.    In answering Paragraph 34, Defendant incorporates and reasserts its responses to
10 Paragraphs 1 through 33 as if fully set forth herein.
11     35.    Additionally, and/or alternatively, Defendant denies the allegations in paragraph 35
12 of the Complaint.
13     36.    Defendant denies the allegations in paragraph 36 of the Complaint.
14     37.    Defendant denies the allegations in paragraph 37 of the Complaint.
15     38.    Defendant denies the allegations in paragraph 38 of the Complaint.
16     39.    Defendant denies the allegations in paragraph 39 of the Complaint.
17     40.    Defendant denies the allegations in paragraph 40 of the Complaint.

18 **AFFIRMATIVE DEFENSES**
19 **FIRST AFFIRMATIVE DEFENSE**
20 **(Failure to State Facts)**

21     41.    FOR A FIRST SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and
22 each cause of action alleged therein, this answering Defendant is informed and believes and
23 thereon alleges that the complaint and each purported claim therein fails to state facts sufficient to
24 constitute any cause of action or claim against this answering Defendant.

25 **SECOND AFFIRMATIVE DEFENSE**
26 **(Statute of Limitations)**

27     42.    FOR A SECOND SEPARATE AND AFFIRMATIVE DEFENSE to the complaint
28 and each cause of action alleged therein, this answering Defendant is informed and believes and

thereon alleges that the complaint and each purported claim therein are barred, in whole or in part, by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

43. FOR A THIRD SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that Plaintiff is estopped by its own conduct from asserting any and all claims it has, or that it may have had against this answering Defendant, or others, arising from the transactions and occurrences set forth in the complaint.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

44. FOR A FOURTH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that Plaintiffs' alleged damages or injuries, if any there were, were aggravated by Plaintiffs' failure to use reasonable diligence to mitigate them.

### FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

45. FOR A FIFTH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that Plaintiffs' unclean hands bar the purported causes of action alleged in the complaint and the damages sought therein.

### SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

46. FOR A SIXTH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that Plaintiff knowingly waived, by verbal expressions or conduct, any known rights which it may have had against this answering Defendant.

///

## SEVENTH AFFIRMATIVE DEFENSE

### (Passive Liability)

47.     FOR A SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believe and thereon allege that in the event that this answering Defendant is held liable to Plaintiff, which liability is expressly denied herein, then the liability of this answering Defendant would be passive, imputed or secondary, while certain other Defendants or third parties would be actively or primarily liable for Plaintiffs' alleged injuries or damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Justification)

48.     FOR AN EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that the complaint and each purported claim therein are barred as these answering Defendants were justified in doing any and all acts and/or omissions alleged in the complaint.

## NINTH AFFIRMATIVE DEFENSE

### (No Damage)

49.     FOR A NINTH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that the complaint and each purported claim therein are barred because Plaintiff was not damaged or injured by any act or omission on the part of this answering Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (State of the Art)

50.     FOR A TENTH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that the product that is at issue in this litigation was designed, manufactured, marketed, sold, inspected, packaged, distributed, warranted, labeled, and contained warnings in conformity with the then current state of the art.

///

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Current State of Scientific/Industrial Knowledge)**

51. FOR AN EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that then current state of the art scientific and industrial knowledge, art, and practice were such that Defendant did not and could not know that the product might pose a risk of harm when used in a normal and foreseeable manner.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Defect)**

52. FOR A TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that the product that is at issue in this litigation was designed, manufactured, packaged and labeled in compliance with all applicable standards, codes and regulations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Fit For Use)**

53. FOR AN THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that the Plaintiffs' product that is at issue in this litigation was fit and proper for all reasonable uses for which it was designed and intended.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Superseding, Intervening Acts)**

54. FOR A FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that Plaintiffs' damages, if any, were caused by the superseding and intervening acts and omissions of others.

/ / /

/ / /

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Adequate Warning)

55.   FOR A FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that Defendant alleges that the adequate warnings were provided to consumers of the product, including Plaintiffs.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Misuse, Alteration, Modification)

56.   FOR A SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that Plaintiffs' damages, if any, were proximately caused by the misuse, alteration and/or modification of the product at issue in this matter. These misuses, alterations and modifications, were not reasonably foreseeable by Plaintiffs.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Contributory Fault)

57.   FOR A SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that Plaintiffs' damages, if any, were caused in whole or in part by its insureds' own contributory fault and recovery, if any, should be reduced accordingly.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Fault Of Others)

58.   FOR AN EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that Plaintiffs' damages, if any, were caused in whole or in part by the fault of other persons, parties, and/or entities not acting in concert with Defendants, and liability, if any, should be apportioned accordingly.

/ / /

/ / /

### NINETEENTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

59.  FOR A NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that Plaintiffs assumed the risk of their own damages and Plaintiffs' recovery should be reduced or barred thereby.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Known Danger)

60.  FOR A TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that Plaintiffs' damages, if any, were caused in whole or in part by obvious and known dangers and should be reduced or barred thereby.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Spoliation of Evidence)

61.  FOR A TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that subject to further investigation and discovery, Plaintiffs' claims may be barred or limited by spoliation of, or other failure to preserve, evidence.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Join Parties)

62.  FOR A TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that Plaintiffs have failed to join a party or parties necessary for a just adjudication of this matter and has further omitted to state any reasons for such failure.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Lack of Causal Relationship)

63.  FOR A TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and

believes and thereon alleges that there is no causal relationship between any damages allegedly sustained by Plaintiff and any alleged wrongful act or omission by this answering Defendant.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Comparative Fault)**

64. FOR A TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that Plaintiffs suffered or sustained any loss, damage, or injury as alleged in the complaint, that loss, damage, or injury was legally caused and contributed to by Plaintiffs' failure to conduct itself in a reasonable and prudent manner ordinarily expected of a reasonably prudent person in the conduct of their affairs.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Apportionment of Fault)**

65. FOR A TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that if Plaintiffs suffered or sustained any loss, damage, or injury as alleged in the complaint, that loss, damage, or injury was proximately and legally caused and contributed to by persons or entities other than Defendant. The liability of Defendant and responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of this answering Defendant should be accordingly reduced.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Sophisticated User)**

66. FOR A TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that Plaintiffs' claims are barred, in whole or in part, by the "sophisticated user" doctrine.

/ / /

/ / /

/ / /

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Intentional Conduct of Others)

67. FOR A TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that as a separate and distinct affirmative defense, Defendant alleges that Plaintiffs' injury was caused by the willful or intentional conduct of others, for which Defendant cannot be held responsible.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Breach of Warranty)

68. FOR TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that Defendant did not breach any warranties, whether express, implied, or created by law.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Notice of Breach of Warranty)

69. FOR A TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that Plaintiffs' breach of warranty claim is barred by Plaintiffs' failure to provide Defendant with reasonable or adequate notice of any breach of alleged warranty.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Entitlement to Attorneys' Fees)

70. FOR A THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that Plaintiffs are not entitled to attorneys' fees, whether by contract or statute.

/ / /

/ / /

/ / /

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Entitlement to Interest)

71. FOR A THIRTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that Plaintiffs are not entitled to pre-judgment interest, whether by contract or statute.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Reservation of Additional Affirmative Defenses)

72. FOR A THIRTY-SECONDTH SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that to the extent any of Plaintiffs' allegations are not fully answered above, Defendant hereby denies the same.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Additional Affirmative Defenses)

73. FOR A THIRTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE to the complaint and each cause of action alleged therein, this answering Defendant is informed and believes and thereon alleges that as a separate and distinct affirmative defense, Defendant alleges that it presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery or clarification of Plaintiffs' claims indicate that additional affirmative defenses would be appropriate.

### **PRAYER**

WHEREFORE, Defendant demands a jury trial and prays for judgment in its favor and against Plaintiffs as follows:

1. This lawsuit be tried before a jury;

2. Plaintiffs' requests for relief, in all respects, be denied, and that Plaintiffs take nothing by this action;;

3. The complaint be dismissed, with prejudice;

4. Judgment be entered dismissing the Complaint and each cause of action alleged against this answering Defendant;

5. Defendant be awarded costs of suit incurred in this action, including reasonable attorneys' fees; and

6. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

International Chemical Corporation respectfully demands trial by jury on all issues and matters so triable as a matter of law.

DATED: September 30, 2016          SMALL, HENSTRIDGE, CABODI & PYLES, LLP

/s/ *Bryan D. Pyles*

By: _____
BRYAN D. PYLES, ESQ.
Attorneys for INTERNATIONAL CHEMICAL CORPORATION

**Crystal Geyser Water Company v. International Chemical Corp.**
**U.S. District Court, Eastern District of California**
**Case No. 1:16-cv-00960-AWI-EPG**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and complete copy of the foregoing:

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL (ON BEHALF OF INTERNATIONAL CHEMICAL CORPORATION)**

was served on the date set forth below and upon the parties listed below, by placing said document(s) in a sealed envelope with postage thereon fully prepaid, in the designated area for outgoing mail in accordance with this office's day-to-day practices, whereby mail is deposited for mailing with the U.S. Postal Service in Orange County at the close of the same business day.

| | |
|---|---|
| Susan Mary Benson, Esq. v<br>Benson Legal, APC<br>6345 Balboa Blvd., Suite 365<br>Building 3<br>Encino, CA 91316<br>Tel: 818-708-1250  Fax: 818-708-1444<br>Email: service@bensonlegal.net<br><br>Attorneys for Plaintiffs | Kenneth T. Levine, Esq.<br>de Luca / Levine, LLC<br>Three Valley Square, Suite 220<br>Blue Bell, PA 19422<br>215-383-008; Fax: 215-383-0082<br>Direct: 215-383-0224<br>Cell: 215-588-5082<br>KLevine@deLucaLevine.com<br><br>Attorneys for Plaintiffs<br>Crystal Geyser Water Company and<br>Sompo Japan Insurance Company of America |

\_\_\_   (BY FACSIMILE) In addition to regular mail, I sent these documents via facsimile to the numbers as listed on attached mailing list.

\_\_\_   (BY PERSONAL SERVICE) Such envelope was delivered by hand to the office of the addressee(s).

\_\_\_   (VIA FEDERAL EXPRESS) This document was sent via overnight courier.

\_\_\_   (VIA CERTIFIED MAIL, RETURN RECEIPT) Such envelope was delivered via certified mail, return receipt to all addressees listed on attached mailing list.

XX   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed September 30, 2016 at Laguna Hills, California.

*/s/ Mary Rofoli*
Mary Rofoli