1

SMALL, HENSTRIDGE, CABODI & PYLES, LLP
ATTORNEYS AT LAW
25411 CABOT ROAD, SUITE 202
LAGUNA HILLS,CALIFORNIA  92653
(949) 364-3700  FAX: (949) 364-5399

2

3

4

BRYAN D. PYLES, SBN 138177

5

Attorneys for Defendants, International Chemical Corp.

6

7

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

9

10

11

**CRYSTAL GEYSER WATER COMPANY, and**
**SOMPO JAPAN INSURANCE COMPANY OF**
**AMERICA,**
**Plaintiffs**

12

13

14

15

**v.**

16

17

**INTERNATIONAL CHEMICAL CORP.,**
**Defendant**

18

19

Case No.:  1:16-cv-00960-AWI-EPG

**OPPOSITION TO PLAINTIFFS' MOTION TO**
**COMPEL FURTHER PRODUCTION OF**
**DOCUMENTS**

**JURY TRIAL DEMANDED**

20

21

22

**OPPOSITION OF INTERNATIONAL CHEMICAL CORP. TO**
**PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES**
**TO REQUEST FOR PRODUCTION OF DOCUMENTS**

23

24

COMES NOW DEFENDANT, INTERNATIONAL CHEMICAL CORP. (hereinafter

25

"ICC"), by and through its undersigned counsel, respectfully submits this Opposition to the Motion

26

To Compel Responses To Request For Production Of Documents From Defendant filed by

27

plaintiffs, CRYSTAL GEYSER WATER COMPANY and SOMPO JAPAN INSURANCE

28

COMPANY OF'AMBRICA (hereinafter collectively "CGWC").

1     This Opposition is based on the attached Points & Authorities, Declaration of Counsel, and

2 associated exhibits.

3 **Dated:** May 25, 2018          **By:**     *Bryan D. Pyles*
                                    _____
4                                   **Bryan D. Pyles, Esquire**
                                    **SMALL, HENSTRIDGE, CABODI & PYLES, LLP**
5                                   *Attorney for Defendant, International Chemical Corp.*

OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS

**Memorandum of Points and Authorities**

**A.  THE MOTION IS PREMATURE**

While ICC does not dispute the chronology set forth in the Motion to Compel, paragraphs 1 through 12, ICC does state that the motion could have been avoided if there had been compliance with RULE 251 (Fed. R. Civ. P. 37) (b) Requirement of Conferring.  Specifically, CGWC did not attempt to telephonically meet and confer with ICC to resolve the differences raised in the motion.  Further, for lack of the required meet and confer, CGWC's motion does not include the Joint Statement re Discovery Disagreement required by RULE 251 (Fed. R. Civ. P. 37) (b) - (c).

**B.  ICC  HAS  ATTEMPTED  TO  MEET  AND  CONFER  WITH  CGWC  TO  AVOID  THE  NECESSITY OF THE INSTANT MOTION**

Although not in compliance with RULE 251, there was correspondence between ICC and CGWC initiated by ICC in an attempt to resolve the concerns of CGWC.  In response to ICC's initial contact, CGWC responded on May 17, 2018 that CGWC had a better understanding as to differences in products, but the explanation "probably raises more questions than answers."

On that same day, ICC responded by stating CGWC was "posing questions that should be raised at a deposition, not through a document production.  My opposition to your motion to compel will simply be, "There isn't any more, even though it's Mr. Levine's speculation otherwise".  As CGWC was informed on May 17, 2018, all responsive documents have been provided by ICC, which serves, at least partially, as the basis for this opposition.

ICC even proposed adopting California's Code of Civil Procedure by communicating to CGWC :

> In California, there are discovery codes for this very set of circumstances.
>
> CCP, §2031.230 states, "A representation of inability to comply with the particular demand for inspection, copying, testing, or sampling shall affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with that demand.  This statement shall also specify whether the inability to comply is because the particular item or category has never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in the possession, custody, or control of the responding party.  The statement shall set forth the name and address of any natural person or organization known or believed by that party to have possession, custody, or control of that item or category of item."
>
> Based on that code section, where no documents are produced, counsel in California

OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS

respond with one of the following:

"Despite a diligent search and reasonable inquiry made in an effort to comply with this demand, this party is unable to comply because the item(s) has/have never existed."

or

"Despite a diligent search and reasonable inquiry made in an effort to comply with this demand, this party is unable to comply because the item(s) has/have been destroyed."

or

"Despite a diligent search and reasonable inquiry made in an effort to comply with this demand, this party is unable to comply because the item(s) has/have has been lost, misplaced, or stolen."

or

"Despite a diligent search and reasonable inquiry made in an effort to comply with this demand, this party is unable to comply because the item(s) has/have never been, or is/are no longer, in the possession, custody, or control of the responding party."

If that is satisfactory language, I will serve an amended response, citing the appropriate language above.

Dissatisfied, CGWC responded to ICC stating "I appreciate your response and your client's position that no such materials exist or can be found, but we do believe that the court will be as hesitant as we are to accept such response on its face."  Even if the court is skeptical of whether there are further records (to be discussed below), ordering production of something that doesn't exist is even beyond the power of the court.

At present, ICC is obtaining copies of the warning stickers that were affixed to the drums supplying the lubricant to CGWC and/or warning sheets in existence at the time of the incident claimed by CGWC.  Also at present, ICC is determining whether copies of invoices exist in storage, and if so, those will be produced.  CGWC was advised all documents that will be found will be produced prior to the hearing of this motion.

The only document that has not, and cannot, be provided is the exact proportions for the Clean Trac lubricant (a.k.a. FT-100) because ICC is currently being sold, and there is a

4

confidentiality agreement between ICC and the purchaser that the purchaser declines to waive. Even so, the chemical ranges given in the documents provided are completely sufficient to allow any credible expert to determine whether the lubricant was or was not incompatible with the PET bottles at Crystal Geyser.

## C.   CGWC'S FAILURE TO PROPERLY MEET AND CONFER HAS LED TO THE GLARING OMISSION OF ICC'S SUPPLEMENTAL/AMENDED RESPONSE

The Motion to Compel of CGWC turns on Disputes Related to the claimed inadequacy of responses by ICC.  Specifically, CGWC claims there is inadequate response to Request No. 12, Request No. 22, Request No. 24, Request No. 25, Request No. 26, Request No. 27, Request No. 29, and Request No. 30.

Although the motion filed by CGWC includes exhibits that existed prior to the discovery dispute that is the subject of this motion, it improperly and completely omits the Supplemental / Amended Response to Request for Production of ICC.  In that Supplemental / Amended Response to Request for Production, attached hereto as Exhibit "A", ICC responds to each of the concerns set forth in the motion of CGWC.

If CGWC had included the Supplemental / Amended Response to Request for Production as an attachment to the motion, the court would have seen there was full compliance with the discovery propounded by CGWC.

**Request No. 12** - As alluded to above, ICC sent its invoices to storage.  By correspondence dated May 17, 2018, in an attempt to meet and confer, ICC informed CGWC "As an aside, my client will physically be able to retrieve the invoices, and they will be scanned and sent as a supplemental response along with the amended responses referenced above."  But, as stated above, CGWC declined to accept the California Code of Civil Procedure language in addition to the production of the records that are anticipated to be copied and sent.

**Request No. 22** - CGWC states there was no compliance in response to this request, but if CGWC had attached the Supplemental / Amended Response of ICC, the court would see that there was an extensive response:

**AMENDED / SUPPLEMENTAL RESPONSE:**

The name Fasttraxx was changed in approximately 2008 or 2009 to Clean Trac and FT100. The. first two ingredients of the original ,formulation are the same thing as in the latter formulation, which reflects the two ways of referring to the same components, with SXS a coupling agent that was removed from the original blend approximately 8 to· 9 years ago.

Attached are:

AMCOR PET Approval
Approved Lubes and Cleaners
Cert of Analysis Clean Trac- 2013 08 21
Cert of Analysis Clean Trac- 2013 10 23
Cert of Analysis Clean Trac- 2014 05 09
Cert of Analysis Clean Trac- 2014 06 23
Cert of Analysis FT-100- 2012 05 04
CLEAN TRAC - Safety Data Sheet
Clean Track Ingredients-00 1
Clean Track Ingredients-002
Clean Track, Clean Trac, and FT -100 - Safety Data Sheet
CleanTrac Description
Constar Line Lube List 2010 06 30
Constar Line Lube List 2011 05 02
Constar Line Lube List 2011 11 21
Fast Trac-1 00 Description
FT -1 00 Material Safety Data Sheet
Plasitpak Lub Compatibility 2011 11
Proposal - Crystal Geyeser Conveyor Lube Assesment
Proposal - Crystal Gyeser Equipment
Proposal - Crystal Geyser
Purchase Order- Crys Gey- 2014 02 13
Service Report - 2014 01 28
Service Report- 2014 04 02
Service Report- 2014 05 14
Service Report - 2014 08 11
Service Report- 2014 12 09
Service Report- 2015 01 12
Tomamine Ether Amines

**Request No. 24** - CGWC states there was no compliance in response to this request, but if CGWC had attached the Supplemental / Amended Response of ICC, the court would see that there was a response reflecting back to response number 22, because the documents provided satisfy both requests.

**Request No. 25** - CGWC states there was no compliance in response to this request, but if CGWC had attached the Supplemental / Amended Response of ICC, the court would see that there was a response reflecting back to response number 22, because the documents provided satisfy

both requests.

**Request No. 26** - Because CGWC declined to accept the California Code of Civil Procedure language proposed above, there is no supplemental response because, as stated to CGWC, those documents do not exist.

**Request No. 27** - Because CGWC declined to accept the California Code of Civil Procedure language proposed above, there is no supplemental response because, as stated to CGWC, those documents do not exist.

**Request No. 29** - CGWC states there was no compliance in response to this request, but if CGWC had attached the Supplemental / Amended Response of ICC, the court would see that there was a response reflecting back to response number 22, because the documents provided satisfy both requests.

**Request No. 30** - CGWC states there was no compliance in response to this request, but if CGWC had attached the Supplemental / Amended Response of ICC, the court would see that there was a response reflecting back to response number 22, because the documents provided satisfy both requests.  Additionally, and as the court would have seen if the Supplemental / Amended Response of ICC had been attached to the moving papers, the supplemental / amended response also referred back to the response to request for production number 3, which also provided additional extensive documentation, <u>without objection</u> to the fact it was expert investigation work product being provided:

> **AMENDED / SUPPLEMENTAL RESPONSE:**
> As to Dr. James Mason, see attached:
> 2015 04 27 Report of Findings
> 2014 12 1 0 inspec photo 00 1.JPG
> 2014 12 10 inspec photo 002.JPG
> 2014 12 10 inspec photo 003.JPG
> 2014 12 10 inspec photo 004.JPG
> 2014 12 10 inspec photo 005.JPG
> 2014 12 10 inspec photo 006.JPG
> 2014 12 10 inspec photo 007.JPG
> 2014 12 10 inspec photo 008.JPG
> 2014 12 10 inspec photo 009.JPG
> 2014 12 10 inspec photo .010.JPG
> 2014 12 1 0 inspec photo 0 1l.JPG
> 2014 12 10 inspec photo 012.JPG

7

2014 12 10 inspec photo 013.JPG
2014 12 10 inspec photo 014.JPG
2014 12 10 inspec photo 015.JPG
2014 12 10 inspec photo 016.JPG
2014 12 10 inspec photo 017.JPG
2014 12 10 inspec photo 018.JPG
Mineral Water Flow Diagram
2015 04 09 Analytical Report 1504176 A
Lab Certificate
Chemical Analysis Form
12 10 2014 AIChE- Proceedings- Stress Cracking ofPoly
2003 03 11 - Selective chemical etching of poly( ethylene
2004 - ISBT - Stress Crack Prevention red line
2004- ISBT- Stress Crack Prevention
2007 - Hydrolytic aging of polyester geotextiles
2007 - ISBT - Line Lub PET Compat Test
2012- Stress-cracking of PET bottle
2014 12 10- Solves stress cracking problem
Alkalinity and Hardness Presentation
Effect of chemical environ. on stress cracking PET bottles
FTIR of Primary Amines
ISBT Packaging - Stress Crack Test
Labware Chemical Resistance Table

No reports or documents have yet been prepared by Dr. Laton.

No reports or documents have yet been prepared by David Cowheard, CPA.

Not only did ICC provide all of the above-referenced documents in the supplemental responses put at issue by CGWC, but ICC also provided an amended/supplemental response to Request for Production number 2:

**AMENDED / SUPPLEMENTAL RESPONSE:**
See attached:
Certificate of Analysis FT-100 approved 2012 05 04
Certificate of Analysis FT-100 approved 2"013 08 21
Certificate of Analysis FT-100 approved 2013 10 23
Certificate of Analysis FT-100 approved 2014 05 09
Certificate of Analysis FT-100 approved 2014 06 23
SAFETY DATA SHEET for Clean Track, Clean Trac, and FT -100
CLEAN TRACK DESCRIPTION sheet
Constar, Inc. Recommended Line Lube List 2011 05 02
Ingredients in Clean Track, FT -1 00 2018 04 22
Ingredients in Clean Track 2018 05 14
The name Fasttraxx was changed in approximately 2008 or 2009 to Clean Trac and FT-1 00. The first two ingredients of the original formulation are the same thing as in the latter formulation, which reflects the two ways of referring to the same components,

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

with SXS a
coupling agent that was removed from the original blend approximately 8 to 9 years
ago. Due to the sale of ICC and a Non-Disclosure Agreement related thereto, ICC
cannot provide the exact proportions of the ingredients disclosed for the lubricant being
litigated.

D.  **ICC HAS FULLY COMPLIED WITH THE DISCOVERY CODE SECTIONS**

By the time this motion is heard, all documents in the possession of ICC that exist will have
been provided to CGWC without objection.  The only document that cannot be provided is the
exact proportions of the components of the lubricant at issue due to a confidentiality agreement
between ICC and the purchaser of that company, that purchaser not agreeing to waive the
confidentiality clause for that purchase.  Despite the fact the exact proportions of the components
of lubricant cannot be given, with the ranges of proportions provided in responsive documents are
so narrow that any competent chemist would be able to determine whether or not the lubricant was
or was not incompatible with the PET bottles at the Crystal Geyser plant.

E.  **CONCLUSION**

For all of the above-listed reasons, it is requested that the motion to compel of CGWC be
denied.

Respectfully submitted,

**Dated:** May 25, 2018          **By:**  _____*Bryan D. Pyles*_____
                                        **Bryan D. Pyles, Esquire**
                                        **SMALL, HENSTRIDGE, CABODI & PYLES, LLP**
                                        *Attorney for Defendant, International Chemical Corp.*

9

**DECLARATION OF BRYAN D. PYLES IN SUPPORT OF INTERNATIONAL CHEMICAL CORP.'S OPPOSITION TO PLAINTIFFS MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR PRODUCTION**

I, BRYAN D. PYLES, declare as follows:

I am an attorney licensed to practice law before all courts of the State of California and the Eastern District Court of California, and am a partner with the law firm of Small, Henstridge, Cabodi & Pyles, LLP, attorneys of record for Defendant, INTERNATIONAL CHEMICAL CORP. (hereinafter "ICC") in the above-captioned matter.  I have personal knowledge of each of the facts set forth in this declaration, and can competently testify thereto.

1.  I received no contact from counsel representing plaintiffs in this matter pursuant to RULE 251 (Fed. R. Civ. P. 37) (b).  Because I did not discuss telephonically the disputes raised in the motion filed on behalf of plaintiffs pursuant to RULE 251 (Fed. R. Civ. P. 37) (b), no Joint Statement re Discovery Disagreement required by RULE 251 (Fed. R. Civ. P. 37) (b) - (c) was prepared for this motion.

2.  I initiated contact with counsel representing plaintiffs in an attempt to resolve the concerns raised in the motion.  In response to my initial contact, counsel responded on May 17, 2018 that he had a better understanding as to differences in products, but the explanation "probably raises more questions than answers."  On that same day, I responded by stating counsel was "posing questions that should be raised at a deposition, not through a document production.  My opposition to your motion to compel will simply be, "There isn't any more, even though it's Mr. Levine's speculation otherwise".  I informed counsel on May 17, 2018, all responsive documents have been provided by ICC.

3.  As a further compromise, I proposed adopting the language of California's Code of Civil Procedure by communicating to CGWC :

In California, there are discovery codes for this very set of circumstances.

CCP, §2031.230 states, "A representation of inability to comply with the particular demand for inspection, copying, testing, or sampling shall affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with that demand.  This statement shall also specify whether the inability to comply is because the particular item or category has never existed, has been destroyed, has

been lost, misplaced, or stolen, or has never been, or is no longer, in the possession, custody, or control of the responding party.  The statement shall set forth the name and address of any natural person or organization known or believed by that party to have possession, custody, or control of that item or category of item."

Based on that code section, where no documents are produced, counsel in California respond with one of the following:

"Despite a diligent search and reasonable inquiry made in an effort to comply with this demand, this party is unable to comply because the item(s) has/have never existed."

or

"Despite a diligent search and reasonable inquiry made in an effort to comply with this demand, this party is unable to comply because the item(s) has/have been destroyed."

or

"Despite a diligent search and reasonable inquiry made in an effort to comply with this demand, this party is unable to comply because the item(s) has/have has been lost, misplaced, or stolen."

or

"Despite a diligent search and reasonable inquiry made in an effort to comply with this demand, this party is unable to comply because the item(s) has/have never been, or is/are no longer, in the possession, custody, or control of the responding party."

If that is satisfactory language, I will serve an amended response, citing the appropriate language above.

4.   Counsel representing plaintiffs responded by stating "I appreciate your response and your client's position that no such materials exist or can be found, but we do believe that the court will be as hesitant as we are to accept such response on its face."

5.   Without waiving any attorney-client privileged communications, I have been advised by my client that ICC is obtaining copies of the warning stickers that were affixed to the drums supplying the lubricant to CGWC and/or warning sheets in existence at the time of the incident claimed by CGWC.

4.   Without waiving any attorney-client privileged communications, I have been advised by my client that ICC believes copies of invoices exist in storage, and if so, those will be produced

11

1   without objection.

2        5.  The only document that has not, and cannot, be provided is the exact proportions for the

3   Clean Trac lubricant (a.k.a. FT-100) because ICC is currently being sold, and there is a

4   confidentiality agreement between ICC and the purchaser that the purchaser declines to waive.

5        6.  Without waiving any attorney work product, the expert retained on behalf of ICC states

6   that the chemical ranges given in the documents provided are sufficient to allow experts retained

7   on behalf of plaintiffs to determine whether the lubricant was or was not incompatible with the

8   PET bottles at Crystal Geyser.

9        7.  The sole claims asserted in the motion on behalf of plaintiffs is that there are inadequate

10  responses to Request No. 12, Request No. 22, Request No. 24, Request No. 25, Request No. 26,

11  Request No. 27, Request No. 29, and Request No. 30.  However, there has been full compliance

12  with each of the above-referenced requests.

13       8.  Attached to this Opposition is a true and correct copy of the Supplemental / Amended

14  Responses of ICC omitted from plaintiffs' motion.

15       I declare under penalty of perjury under the laws of the State of California that the

16  foregoing is true and correct.

17       Executed on May 25 2018, at Laguna Hills, California.

18  **By:**   _____*Bryan D. Pyles*_____

19       **Bryan D. Pyles, Esquire**
     **SMALL, HENSTRIDGE, CABODI & PYLES, LLP**

20       *Attorney for Defendant, International Chemical Corp.*

21

22

23

24

25

26

27

28

OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS

Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION**

| | |
|---|---|
| **CRYSTAL GEYSER WATER COMPANY** And **SOMPO JAPAN INSURANCE COMPANY OF AMERICA** Plaintiffs v. **INTERNATIONAL CHEMICAL CORP.** Defendant | **NO. 1:16-cv-00960-AWI-EPG** |

**DEFENDANT'S AMENDED / SUPPLEMENTAL RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant, by and through its attorneys, and pursuant to Rule 34 of the Federal Rules of

Civil Procedure and the Local Rules of this Court, responds and objects to Plaintiffs' First

Request for Documents as follows:

## PRELIMINARY STATEMENT

1.      Defendant's investigation and development of all facts and circumstances relating

to this action is ongoing.  These responses and objections are made without prejudice to, and are

not a waiver of, Defendant's right to rely on other facts or documents at trial.

2.      By making the accompanying responses and objections to Plaintiff's requests for

documents, Defendant does not waive, and hereby expressly reserves, its right to assert any and

all objections as to the admissibility of such responses into evidence in this action, or in any

other proceedings, on any and all grounds including, but not limited to, competency, relevancy,

materiality, and privilege. Further, Defendant makes the responses and objections herein without

in any way implying that it considers the requests, and responses to the requests, to be relevant or

material to the subject matter of this action.

3.      Defendant will produce responsive documents only to the extent that such documents are in the possession, custody, or control of Defendant, as set forth in the Federal Rules of Civil Procedure. Defendant's possession, custody, or control does not include any constructive possession that may be conferred by Defendant's right or power to compel the production of documents or information from third parties or to request their production from other persons or agencies or entities.

4.      A response to a document request stating that objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Defendant performed any of the acts described in the document request, or definitions, and/or instructions applicable to the document request, or that Defendant acquiesces in the characterization of the conduct or activities contained in the document request, or definitions, and/or instructions applicable to the document request.

5.      Defendant expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6.      Defendant will make available for inspection at Defendant's offices responsive documents.  Alternatively, Defendant will produce copies of the documents.

7.      Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## GENERAL OBJECTIONS

1.      Defendant objects to each instruction, definition, and document request to the extent that it purports to impose any requirement or discovery obligation greater than or different

from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Defendant objects to each document request that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3.      Defendant objects to each document request to the extent that it calls for production of a privilege log for internal documents of Defendant.  A request for such a log is unreasonable and unduly burdensome in light of the work product doctrine, governmental deliberative process privilege, and other privileges protecting such internal documents from discovery.

4.      Defendant objects to each instruction, definition, and document request to the extent it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege.  Should any such disclosure by Defendant occur, it is inadvertent and shall not constitute a waiver of any privilege.

5.      Defendant objects to each instruction, definition, and document request as overbroad and unduly burdensome to the extent it seeks documents and/or information that are readily or more accessible to Plaintiff from Plaintiff's own files, from documents or information in Plaintiff's possession, or from documents or information that Plaintiff previously produced to Defendant.  Responding to such requests would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Plaintiff as for Defendant.  This objection encompasses, but is not limited to, documents and answers to interrogatories previously produced by the Parties, all transcripts of depositions, all correspondence between the Plaintiff and Defendant, all other

information provided by Defendant to Plaintiff, and all information produced by Plaintiff to Defendant in response to discovery propounded. All such documents and information will not be produced.

6.     Plaintiff's document requests call for the production of documents and information that were produced to Defendant by other entities, and may contain confidential, proprietary, or trade secret information.

7.     To the extent any of Plaintiff's document requests seek documents or answers that include expert material, including but not limited to survey materials, Defendant objects to any such requests as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

8.     Defendant incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Defendant does not waive its right to amend its responses.

9.     Defendant objects to every request that calls for privileged information, including, without limitation, information protected by the attorney-client privilege.

10.     Defendant objects to every request that calls for information prepared in anticipation of litigation or for trial absent a showing of substantial need by Plaintiffs.

11.     Defendant objects to every request that calls for the production of any information containing or reflecting the mental impressions, conclusions, opinions and/or legal theories of

any attorney for Defendant, on the grounds that such information is protected by the attorney work product doctrine.

12.    Defendant objects to every request that is overly broad, unduly burdensome, harassing, duplicative or which requests documents which is already in the possession of Plaintiffs.

13.    Defendant objects to every request that calls for information which is neither relevant to the subject matter of the pending Complaint nor reasonably calculated to lead to the discovery of admissible evidence in connection with the pending Complaint.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    Defendant objects to Definition No. 1 regarding "Document" or "Documents" to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure.  Defendant further objects to Definition No. 1 to the extent that it calls for documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege.

2.    Defendant objects to Definition No. 2 regarding "Government Agency."  The Definition is overbroad and unduly burdensome to the extent it attempts to extend the scope of this document request to documents in the possession, custody, or control of individuals, agencies, or entities other than the Defendant.

3.    Defendant objects to Definition No. 6 regarding "Product" to the extent it purports to impose liability for "bottle failure incidents" on the product manufactured by International Chemical Corporation, and/or that the product manufactured by International Chemical Company was "involved" in bottle failures.

4.    Defendant objects to Definition No. 7 regarding "Similar Products" to the extent

it calls for speculation as to what "similar" actually means, how closely products must match physically and/or visually and/or theoretically and/or by formula to be considered "similar", and seeks items "designed, manufactured, or in any way handled by you" that are irrelevant to the above-captioned litigation.

5.    Defendant objects to Definition No. 8 regarding "Comparable Products" to the extent it calls for speculation as to what "comparable" actually means, how closely products must match physically and/or visually and/or theoretically and/or by formula to be considered "comparable" and/or to be considered "likeness as to design, specifications, dimensions, or material composition", and improperly seeks evaluation, assessment, and production of "comparable products" designed, manufactured, and/or sold by companies other than International Chemical Corporation, and as such are irrelevant to the above-captioned litigation.

6.    Defendant objects to Definition No. 9 on the grounds that it seeks attorney-client privileged communications and work product privileged materials inasmuch as you the definition of You/Your includes International Chemical Corporation's attorneys.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

1.    All photographs, motion pictures, slides, video tapes, and any other depictions of (a) the incident; (b) items or evidence taken from the incident scene; (c) the scene of the incident; or (d) the real or personal property allegedly damaged in the incident (taken before, during, or after the loss).

**RESPONSE**:

Defendant objects to this document request as vague and ambiguous to the extent it relies on the term "incident", and Defendant interprets "incident" in this, and all following requests, to mean bottle failures.

Subject to the above objection, Defendant has (a) none, (b)-(c) photographs of bottles and liquid provided to Defendant by Crystal Geyser are attached hereto as Exhibit A, (d) none.

**AMENDED / SUPPLEMENTAL RESPONSE**:

See Defendant's Amended / Supplemental Response to Request For Production Of Documents Number 3 below, as all responsive photographs were generated by Dr. Mason.

2.      All documents identified in response to any of plaintiff's Interrogatories.

**RESPONSE**:

No documents were identified in responses to Plaintiffs Interrogatories.

**AMENDED / SUPPLEMENTAL RESPONSE**:

See attached:

Certificate of Analysis FT-100 approved 2012 05 04

Certificate of Analysis FT-100 approved 2013 08 21

Certificate of Analysis FT-100 approved 2013 10 23

Certificate of Analysis FT-100 approved 2014 05 09

Certificate of Analysis FT-100 approved 2014 06 23

SAFETY DATA SHEET for Clean Track, Clean Trac, and FT-100

CLEAN TRACK DESCRIPTION sheet

Constar, Inc. Recommended Line Lube List 2011 05 02

Ingredients in Clean Track, FT-100 2018 04 22

Ingredients in Clean Track 2018 05 14

The name Fasttraxx was changed in approximately 2008 or 2009 to Clean Trac and FT-100.  The first two ingredients of the original formulation are the same thing as in the latter

formulation, which reflects the two ways of referring to the same components, with SXS a coupling agent that was removed from the original blend approximately 8 to 9 years ago. Due to the sale of ICC and a Non-Disclosure Agreement related thereto, ICC cannot provide the exact proportions of the ingredients disclosed for the lubricant being litigated.


     3.     All documents concerning or pertaining to any investigation, study, inspection, test, analysis or examination regarding the incident or the scene of the incident.

**RESPONSE**:

     Defendant objects to this document request as seeking non-discoverable and privileged consultant and/or expert investigation and reports prior to this case's disclosure date for same.

     Subject to the above objection, Defendant has not performed any non-expert investigation, study, inspection, test, analysis, or examination.

**AMENDED / SUPPLEMENTAL RESPONSE**:

     As to Dr. James Mason, see attached:

          2015 04 27 Report of Findings

          2014 12 10 inspec photo 001.JPG

          2014 12 10 inspec photo 002.JPG

          2014 12 10 inspec photo 003.JPG

          2014 12 10 inspec photo 004.JPG

          2014 12 10 inspec photo 005.JPG

          2014 12 10 inspec photo 006.JPG

          2014 12 10 inspec photo 007.JPG

          2014 12 10 inspec photo 008.JPG

2014 12 10 inspec photo 009.JPG

2014 12 10 inspec photo 010.JPG

2014 12 10 inspec photo 011.JPG

2014 12 10 inspec photo 012.JPG

2014 12 10 inspec photo 013.JPG

2014 12 10 inspec photo 014.JPG

2014 12 10 inspec photo 015.JPG

2014 12 10 inspec photo 016.JPG

2014 12 10 inspec photo 017.JPG

2014 12 10 inspec photo 018.JPG

Mineral Water Flow Diagram

2015 04 09 Analytical Report 1504176 A

Lab Certificate

Chemical Analysis Form

12 10 2014 AIChE - Proceedings - Stress Cracking of Poly

2003 03 11 - Selective chemical etching of poly(ethylene

2004 - ISBT - Stress Crack Prevention red line

2004 - ISBT - Stress Crack Prevention

2007 - Hydrolytic aging of polyester geotextiles

2007 - ISBT - Line Lub PET Compat Test

2012 - Stress-cracking of PET bottle

2014 12 10 - Solves stress cracking problem

Alkalinity and Hardness Presentation

Effect of chemical environ. on stress cracking PET bottles

FTIR of Primary Amines

ISBT Packaging - Stress Crack Test

Labware Chemical Resistance Table

No reports or documents have yet been prepared by Dr. Laton.

No reports or documents have yet been prepared by David Cowheard, CPA.


4.      All documents concerning any examination, test, analysis, evaluation or study of any item or evidence believed to have been involved in the incident or to have been removed from the incident scene or building involved.

**RESPONSE**:

Defendant objects to this document request as seeking non-discoverable and privileged consultant and/or expert investigation and reports prior to this case's disclosure date for same.

Subject to the above objection, Defendant has not performed any non-expert investigation, study, inspection, test, analysis, or examination.

**AMENDED / SUPPLEMENTAL RESPONSE**:

See Amended / Supplemental Response 3 above.


5.      All documents consisting of or referring to any statement or report from any person who claims to be a witness to the incident or who claims to have knowledge of any circumstances surrounding the incident, including but not limited to any report by any insurance adjuster.

**RESPONSE**:

Defendant objects to this document request as seeking attorney work product that is non-discoverable and privileged, and/or created in anticipation of litigation.

Subject to the above objections, Defendant does not have any statement or report from any claimed witness.

6.      All documents consisting of or relating to any news article or television or radio report concerning the incident.

**RESPONSE**:

Defendant objects to this document request as seeking equally available materials from third-party sources.

Subject to the above objection, defendant does not have any responsive news articles or television or radio reports.

7.      All documents consisting of or referring to any written or oral communication to or from any person purportedly on behalf of (a) defendant or its insurers, agents, employees or representatives, or (b) any manufacturer or seller of any item or evidence removed from the incident scene or believed to be involved in the incident or its insurers, agents, employees or representatives.

**RESPONSE**:

Defendant objects to this document request as seeking attorney work product and/or attorney-client privileged communications that are non-discoverable and privileged, and/or created in anticipation of litigation.  Defendant further objects to this request as seeking non-discoverable and privileged consultant and/or expert investigation communications and/or

reports prior to this case's disclosure date for same.

Subject to the above objections, Defendant does not have any non-privileged documents that are responsive to (a) or (b).

**AMENDED / SUPPLEMENTAL RESPONSE**:

070715 - Ken Levine to Donna Reid

email chain to / from Donna Reid

8.      All documents consisting of or referring to any statement or report you have obtained from any person not a party to this action relating to the incident, the cause of the incident, the condition of the premises before or after the incident or the alleged damages.

**RESPONSE**:

Defendant objects to this document request as seeking attorney work product and/or attorney-client privileged communications that are non-discoverable and privileged, and/or created in anticipation of litigation. Defendant further objects to this request as seeking non-discoverable and privileged consultant and/or expert investigation communications and/or reports prior to this case's disclosure date for same.

Subject to the above objections, Defendant does not have any non-privileged documents that are responsive to the request.

9.      All communications between you and any person regarding the incident, the cause of the incident, the condition of the premises before or after the incident.

**RESPONSE**:

Defendant objects to this document request as seeking attorney work product and/or

attorney-client privileged communications that are non-discoverable and privileged, and/or created in anticipation of litigation. Defendant further objects to this request as seeking non-discoverable and privileged consultant and/or expert investigation communications and/or reports prior to this case's disclosure date for same.

Subject to the above objections, Defendant does not have any non-privileged documents that are responsive to the request.

10.     All photographs, videotapes, or other depictions, whether made before, during, or after the incident.

**RESPONSE**:

Defendant objects to this document request as seeking attorney work product and/or attorney-client privileged communications that are non-discoverable and privileged, and/or created in anticipation of litigation. Defendant further objects to this request as seeking non-discoverable and privileged consultant and/or expert investigation communications and/or reports prior to this case's disclosure date for same.

Subject to the above objections, Defendant does not have any non-privileged photographs, videotapes, or other depictions.

**AMENDED / SUPPLEMENTAL RESPONSE**:

See Amended / Supplemental Response 3 above.

11.     All documents consisting of, referring to, or relating to any statement, report or testimony given by you or any witness to the incident regarding the alleged damages resulting from the incident.

**RESPONSE**:

Defendant objects to this document request as seeking attorney work product and/or attorney-client privileged communications that are non-discoverable and privileged, and/or created in anticipation of litigation. Defendant further objects to this request as seeking non-discoverable and privileged consultant and/or expert investigation communications and/or reports prior to this case's disclosure date for same.

Subject to the above objections, Defendant does not have any statement, report, or testimony from any witness.

12.    All documents including but not limited to correspondence, invoices, billings or any other communication between you and requesting Plaintiff, its agents, servants and/or employees.

**RESPONSE**:

This responding Defendant will provide all responsive documents upon location of same, including (if they exist) correspondence, invoices, billings, and other communications between this Defendant and Plaintiff by supplemental response upon locating same. Presently, and after a good faith search for responsive documents, this party attaches here to a Purchase Order of from Crystal Geyser to Defendant dated February 13, 2014 as Exh B. Discovery is continuing, and this response will be immediately supplemented as necessary.

13.    All documents or tangible things you intend to use or offer as an exhibit or demonstrative aid at trial or otherwise show to the trier of fact.

**RESPONSE**:

Defendant objects to this document request as seeking attorney work product, trial strategies, attorney thought processes.

Subject to the above objection, Defendant will disclose all documents or tangible things Defendant intends to use or offer as an exhibit or demonstrative aid at trial or otherwise show to the trier of fact at the appropriate disclosure date.

14.     All documents or things given to, received from or produced or compiled by any expert witness retained and expected to be called as a witness in this case.

**RESPONSE**:

Defendant objects to this request as seeking non-discoverable and privileged consultant and/or expert investigation communications and/or reports prior to this case's disclosure date for same.

Subject to the above objection, Defendant will disclose all documents or things given to, received from, or produced or compiled by any expert witness and expected to be called as a witness in this case on the appropriate disclosure date.

**AMENDED / SUPPLEMENTAL RESPONSE**:

See Amended / Supplemental Response 3 above.  Additional documents will be provided upon preparation of same.

15.     A resume and curriculum vitae for each expert you have retained and intend upon calling as a witness at trial.

**RESPONSE**:

Defendant objects to this document request as seeking attorney work product, trial

strategies, attorney thought processes.

Subject to the above objection, Defendant will provide the curriculum vitae for each expert witness intended to be called as a witness at trial on the appropriate disclosure date.

**AMENDED / SUPPLEMENTAL RESPONSE**:

See Amended / Supplemental Response 3 above.


16. All documents on which any such identified expert relied or used to form or prepare an opinion or report relating to the incident, or this case.

**RESPONSE**:

Defendant objects to this request as seeking non-discoverable and privileged consultant and/or expert investigation communications and/or reports prior to this case's disclosure date for same.

Subject to the above objection, Defendant will disclose all documents on which any expert witness relied or used to form or prepare an opinion or report on the appropriate disclosure date.

**AMENDED / SUPPLEMENTAL RESPONSE**:

Dr. Laton's CV attached; Dr. Mason's CV attached; David Cowheard CV attached.


17. All reports, including drafts, by an expert expected to be called as a witness at trial relating to this case.

**RESPONSE**:

Defendant objects to this document request as seeking attorney work product, trial strategies, attorney thought processes as to which experts will or will not be called at the time of

trial. Defendant further objects to this request as seeking non-discoverable and privileged consultant and/or expert investigation communications and/or reports prior to this case's disclosure date for same.

Subject to the above objections, Defendant will disclose all reports prepared by an expert expected to be called as a witness at trial on the appropriate disclosure date.


18.    All documents reflecting, referring to, or relating to any tests, examinations or investigations performed by any expert expected to be called as a witness at trial relating to this case.

**RESPONSE**:

Defendant objects to this document request as seeking attorney work product, trial strategies, attorney thought processes as to which experts will or will not be called at the time of trial. Defendant further objects to this request as seeking non-discoverable and privileged consultant and/or expert investigation communications and/or reports prior to this case's disclosure date for same.

Subject to the above objections, Defendant will provide all documents of tests or examinations performed by experts to testify at trial on the appropriate date for disclosure.

**AMENDED / SUPPLEMENTAL RESPONSE**:

See Amended / Supplemental Response 3 above.


19.    All documents constituting, reflecting, referring to, or relating to any communication by any expert expected to be a witness at trial with any other person concerning the incident, the cause of the incident, the scene of the incident, or this action.

**RESPONSE**:

Defendant objects to this document request as seeking attorney work product, trial strategies, attorney thought processes as to which experts will or will not be called at the time of trial.  Defendant further objects to this request as seeking non-discoverable and privileged consultant and/or expert investigation communications and/or reports prior to this case's disclosure date for same.

Subject to the above objections, Defendant will provide all documents of communications by experts to testify at trial on the appropriate date for disclosure.

**AMENDED / SUPPLEMENTAL RESPONSE**:

See Amended / Supplemental Response 3 above.


20.     All documents constituting, reflecting, referring to, or relating to time spent or fees charged by any expert witness who is expected to testify in this case.

**RESPONSE**:

Defendant objects to this document request as seeking attorney work product, trial strategies, attorney thought processes as to which experts will or will not be called at the time of trial.  Defendant further objects to this request as seeking non-discoverable and privileged consultant and/or expert investigation communications and/or reports prior to this case's disclosure date for same.

Subject to the above objections, Defendant will provide all documents concerning fees charged by experts to testify at trial on the appropriate date for disclosure.


21.     The entire contents of any investigative file or files and any other documentary

material in your possession or your insurance company's possession which support or relate to allegations of the Complaint (excluding references to mental impressions, conclusions or opinions concerning the value or merit of the claim or respecting strategy or tactics, privileged communication from and to counsel).

**RESPONSE**:

Defendant does not possess any investigative file.  Based on information and belief, the "insurance company's" investigative file includes mental impressions, conclusions, and opinions concerning the value or merit of Plaintiffs'claim, and includes strategy or tactics and communications to/from counsel.


22.     All notes, designs or other documents pertaining to the formulation, creation and manufacture of the subject product and similar products, including but not limited a listing of all substances which are utilize to make the subject product and similar products.

**RESPONSE**:

Defendant objects to this document request as seeking production of documents and things containing business, competitive, proprietary, trade secret or other information of a sensitive nature about Defendant (or of another person producing "similar products", which information Defendant disputes it is under a duty to determine and disclose).

Subject to the above objection, upon the execution of a Non-Disclosure and Confidentiality Agreement, Defendant will provide the documents for the product claimed by Plaintiff to have led to the incident.

**AMENDED / SUPPLEMENTAL RESPONSE**:

The name Fasttraxx was changed in approximately 2008 or 2009 to Clean Trac and FT-

100.   The first two ingredients of the original formulation are the same thing as in the latter formulation, which reflects the two ways of referring to the same components, with SXS a coupling agent that was removed from the original blend approximately 8 to 9 years ago.

Attached are:

AMCOR PET Approval

Approved Lubes and Cleaners

Cert of Analysis Clean Trac - 2013 08 21

Cert of Analysis Clean Trac - 2013 10 23

Cert of Analysis Clean Trac - 2014 05 09

Cert of Analysis Clean Trac - 2014 06 23

Cert of Analysis FT-100 - 2012 05 04

CLEAN TRAC - Safety Data Sheet

Clean Track Ingredients-001

Clean Track Ingredients-002

Clean Track, Clean Trac, and FT-100 - Safety Data Sheet

CleanTrac Description

Constar Line Lube List 2010 06 30

Constar Line Lube List 2011 05 02

Constar Line Lube List 2011 11 21

Fast Trac-100 Description

FT-100 Material Safety Data Sheet

Plasitpak Lub Compatibility 2011 11

Proposal - Crystal Geyeser Conveyor Lube Assesment

Proposal - Crystal Gyeser Equipment

Proposal - Crystal Geyser

Purchase Order - Crys Gey - 2014 02 13

Service Report - 2014 01 28

Service Report - 2014 04 02

Service Report - 2014 05 14

Service Report - 2014 08 11

Service Report - 2014 12 09

Service Report - 2015 01 12

Tomamine Ether Amines


23.     All testing, inspection and quality control records for the product and similar products.

**RESPONSE**:

Defendant objects to this document request as seeking production of documents and things containing business, competitive, proprietary, trade secret or other information of a sensitive nature about Defendant (or of another person producing "similar products", which information Defendant disputes it is under a duty to determine and disclose).

Subject to the above objection, upon the execution of a Non-Disclosure and Confidentiality Agreement, Defendant will provide the documents for the product claimed by Plaintiff to have led to the incident.

**AMENDED / SUPPLEMENTAL RESPONSE**:

See Amended / Supplemental Response 22 above.

24.     All warnings and instructions provided with the product and similar products.

**RESPONSE**:

Defendant objects to this document request as seeking production of documents and things containing business, competitive, proprietary, trade secret or other information of a sensitive nature about Defendant (or of another person producing "similar products", which information Defendant disputes it is under a duty to determine and disclose).

Subject to the above objection, upon the execution of a Non-Disclosure and Confidentiality Agreement, Defendant will provide the documents, if any so exist, for the product claimed by Plaintiff to have led to the incident.

**AMENDED / SUPPLEMENTAL RESPONSE**:

See Amended / Supplemental Response 22 above.


25.     All warranties that accompany the product and similar products upon purchase.

**RESPONSE**:

Defendant objects to this document request as seeking production of documents and things containing business, competitive, proprietary, trade secret or other information of a sensitive nature about Defendant (or of another person producing "similar products", which information Defendant disputes it is under a duty to determine and disclose).

Subject to the above objection, upon the execution of a Non-Disclosure and Confidentiality Agreement, Defendant will provide the documents, if any so exist, for the product claimed by Plaintiff to have led to the incident.

**AMENDED / SUPPLEMENTAL RESPONSE**:

See Amended / Supplemental Response 22 above.

26.    All engineering change orders, memos or documents reflecting any changes or modifications made to the product and similar products and the reasons therefore.

**RESPONSE**:

Defendant objects to this document request as seeking production of documents and things containing business, competitive, proprietary, trade secret or other information of a sensitive nature about Defendant (or of another person producing "similar products", which information Defendant disputes it is under a duty to determine and disclose).

Subject to the above objection, upon the execution of a Non-Disclosure and Confidentiality Agreement, Defendant will provide the documents, if any so exist, for the product claimed by Plaintiff to have led to the incident.

27.    All documents reflecting any discontinuance in the manufacture or design of any component of the product and the reasons therefore.

**RESPONSE:**

Defendant objects to this document request as seeking production of documents and things containing business, competitive, proprietary, trade secret or other information of a sensitive nature about Defendant (or of another person producing "similar products", which information Defendant disputes it is under a duty to determine and disclose).

Subject to the above objection, upon the execution of a Non-Disclosure and Confidentiality Agreement, Defendant will provide the documents, if any so exist, for the product claimed by Plaintiff to have led to the incident.

28.     Any and all discoverable information concerning complaints (formal or otherwise) of property damage, personal injury, or unusual occurrence similar to those allegedly experienced by Plaintiff, allegedly caused by similar or comparable products.

**RESPONSE**:

Defendant does not have any responsive documents in its possession in this regard.


29.     All such claims or representations as to the quality or fitness of the product or similar products made by you in writing.

**RESPONSE**:

Defendant objects to this document request as seeking production of documents and things containing business, competitive, proprietary, trade secret or other information of a sensitive nature about Defendant (or of another person producing "similar products", which information Defendant disputes it is under a duty to determine and disclose).

Subject to the above objection, upon the execution of a Non-Disclosure and Confidentiality Agreement, Defendant will provide the documents, if any so exist, for the product claimed by Plaintiff to have led to the incident.

**AMENDED / SUPPLEMENTAL RESPONSE**:

See Amended / Supplemental Response 22 above.


30.     Any label, tag, warning, directions, or instructions affixed, attached, or caused to be affixed or attached to the product and similar products or to the packing of the product and similar products.

**RESPONSE**:

Defendant objects to this document request as seeking production of documents and things containing business, competitive, proprietary, trade secret or other information of a sensitive nature about Defendant (or of another person producing "similar products", which information Defendant disputes it is under a duty to determine and disclose).

Subject to the above objection, upon the execution of a Non-Disclosure and Confidentiality Agreement, Defendant will provide the documents, if any so exist, for the product claimed by Plaintiff to have led to the incident.

**AMENDED / SUPPLEMENTAL RESPONSE**:

See Amended / Supplemental Responses 3 and 22 above.


31.   All claims or complaints concerning the product, similar and/or comparable products, along with all correspondence between you and the person making the complaint (or their representative or counsel).

**RESPONSE**:

Defendant does not have any responsive documents in its possession in this regard.


32.   All documents that reflect the discontinuance of your distribution, selling, assembly, and/or installation of the product, similar, and/or comparable products and the reasons therefore.

**RESPONSE**:

Defendant does not have any responsive documents in its possession in this regard.

33.    All statements made by any parties to this lawsuit and/or witnesses to the matter in question in your possession or in the possession of your attorney or representative.

**RESPONSE**:

Defendant objects to this document request as seeking attorney work product and/or attorney-client privileged communications that are non-discoverable and privileged, and/or created in anticipation of litigation.  Defendant further objects to this request as seeking non-discoverable and privileged consultant and/or expert investigation communications and/or reports prior to this case's disclosure date for same.

Subject to the above objections, Defendant does not have any non-privileged documents that are responsive to the request.

Respectfully submitted,

**Dated:** May 14, 2018             **By:**    *Bryan D. Pyles*
                                            **SMALL, HENSTRIDGE, CABODI & PYLES, LLP**
                                            **Bryan D. Pyles, Esquire**
                                            **State Bar # 138177**
                                            **25411 Cabot Road, Suite 202**
                                            **Laguna Hills, CA 92653**
                                            **Phone: 949-364-3700**
                                            **Fax: 949-364-5399**
                                            **BPyles@shcplaw.com**

                                            *Attorney for Defendant*
                                            *International Chemical Corporation*

As to Objections:

                            **By:**    *Bryan D. Pyles*
                                            **SMALL, HENSTRIDGE, CABODI & PYLES, LLP**
                                            **Bryan D. Pyles, Esquire**
                                            **State Bar # 138177**
                                            **25411 Cabot Road, Suite 202**
                                            **Laguna Hills, CA 92653**
                                            **Phone: 949-364-3700**
                                            **Fax: 949-364-5399**

BPyles@shcplaw.com

*Attorney for Defendant*
*International Chemical Corporation*