# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL GEYSER WATER COMPANY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL CHEMICAL CORP.,<br><br>Defendant. | Case No. 1:16-cv-00960-AWI-EPG<br><br>**ORDER GRANTING MOTION TO COMPEL**<br><br>(ECF No. 33) |

On May 18, 2018, Plaintiffs filed a Motion to Compel Responses to Requests for Production of Documents from Defendant (ECF No. 33). Defendant filed an opposition to the motion on May 25, 2018 (ECF No. 34).

The matter came before the Court for hearing on June 26, 2018 (*see* ECF No. 37). The Court issued an oral ruling at that hearing, and reiterated its ruling in a minute order (ECF No. 37). The Court granted Plaintiffs' motion to compel Defendant to respond to Request No. 22, ordering Defendant to produce all documents responsive to Request No. 22 within fourteen days of June 26, 2018, the date of the Court's minute order. (*Id.*) The Court also directed the parties to meet and confer regarding the remaining discovery requests that were the subject of the motion to compel, and granted Plaintiffs leave to file, within fourteen days of the date of the Court's minute order, a proposed order compelling Defendant to respond to discovery requests 12, 24,

25, 26, 27, 29, and 30, to the extent Defendant's response to those requests were not resolved through the meet and confer process. (*See id.*)

Plaintiffs have now filed a proposed order (ECF No. 38). Plaintiffs represent through the proposed order and the attorney certification of good faith attached thereto that Defendant has (1) failed to comply with the Court's order requiring Defendant to respond to Request No. 22, and (2) that despite numerous email exchanges between the parties in a good-faith attempt to resolve the disputes regarding the remaining discovery requests, counsel have been unable to resolve the disputes regarding Requests No. 12, 26, and 27. (*Id.*)

The Court has considered the record in this case, including the arguments of the parties, and finds that an order compelling Defendant to respond to Plaintiff's discovery requests is appropriate. Accordingly,

Plaintiff's Motion to Compel (ECF No. 33) is GRANTED as follows:

The Court previously overruled Defendant's objection to Request No. 22 and granted Plaintiff's motion to compel Defendant to respond to Request No. 22 regarding "All notes, designs or other documents pertaining to the formulation, creation and manufacture of the subject product and similar products, including but not limited to a listing of all substances which are utilized to make the subject product and similar products." Defendant shall produce all documents responsive to Request No. 22 **within two (2) days**, or suffer such sanctions upon application by Plaintiffs as the Court deems appropriate.

The Court overrules Defendant's objections to Request Nos. 26 and 27, and GRANTS Plaintiffs' motion to compel Defendant to respond to Request No. 26 regarding "All engineering change orders, memos or documents reflecting any changes or modifications made to the product and similar products and the reasons therefore"; and Request No. 27 regarding "All documents reflecting any discontinuance in the manufacture or design of any component of the product and the reasons therefore." Defendant shall produce all documents responsive to Request Nos. 26 and 27 **within fourteen (14) days** of the date of this order.

The Court overrules Defendant's objections to Request No. 12 and GRANTS Plaintiffs' motion to compel Defendant to respond to Request No. 12 regarding "All documents including

but not limited to correspondence, invoices, billings or any other communication between you and requesting Plaintiff, its agents, servants and/or employees." In accordance with the Court's ruling on Request No. 12, and the above ruling regarding Request No. 22, Defendant shall produce all documents responsive to Request No. 12, including the following documents, **within fourteen (14) days** of the date of this order: (a) internal documentation that demonstrates (i) the lubricants actually shipped to Crystal Geyser in 2014; and (ii) the batches from which they were derived at ICC;[1] and (b) all email communications between the parties regarding the lubricants during 2014.

IT IS SO ORDERED.

Dated: **July 12, 2018**        /s/ *Erica P. Grosjean*
            UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff represents that no documents have been produced by Defendant to demonstrate what lubricant was actually shipped or provided, and/or the batch origination of such lubricants.